OPINION
{¶ 1} On October 1, 2002, appellant Terry White entered a plea of no contest to a charge of possession of cocaine, in violation of R.C.2925.11(C)(4)(a), a fifth degree felony. The court entered a judgment of conviction. Appellant was sentenced to seven months incarceration, and a mandatory fine was imposed. The sentence also ordered appellant to pay court costs. Upon a showing of indigency, the court amended the sentence to eliminate the mandatory fine.
 {¶ 2} Appellant assigns a single error on appeal:
 {¶ 3} "THE TRIAL COURT ERRED BY IMPOSING COSTS"
 {¶ 4} Appellant's sole argument is that the court erred by imposing court costs on him, as he was indigent.
 {¶ 5} R.C. 2947.23 governs the trial court's authority to impose costs on a defendant convicted of a felony:
 {¶ 6} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid."
 {¶ 7} However, appellant argues that the language of R.C. 2949.14
specifically governs the procedure for entry of a judgment for costs, and prohibits imposing costs on an indigent defendant:
 {¶ 8} "Upon conviction of a non-indigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."
 {¶ 9} R.C. 2949.14 does not govern the court's ability to order costs. The statute is directed at the ability of the clerk of courts to collect the costs from the person convicted. While R.C. 2949.14 provides a collection mechanism only for non-indigent defendants, nothing in R.C.2947.23 prohibits the court from assessing costs to an indigent defendant as part of the sentence. In the event the indigent defendant at some point ceases to be indigent, the clerk could then collect costs pursuant to the procedure outlined in R.C. 2949.14. Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant. State v. Tubbs (May 29, 1998), Fairfield Appellate No. 97CA72; State v. Payne (December 20, 1999), Delaware Appellate No. 99CAA05024.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} The judgment of the Guernsey County Common Pleas Court is affirmed.
By Gwin, P.J.,
Hoffman, J., and
Edwards, J., concur